Per Curiam.

The principal question presented by this appeal is whether on an application for remission of taxes the *83 Board of Tax Appeals, under the provisions of Sections 5703.02 and 5715.39, Revised Code, has jurisdiction to declare a tax illegal.
The board, relying on the case of Carney, Aud., v. State, 158 Ohio St., 348, 109 N. E. (2d), 281, determined that it has no jurisdiction to declare a tax illegal and that, since Section 5713. 08, Revised Code, provides that “the board shall not consider an application for exemption of property under such sections unless the application has attached thereto a certificate or affidavit executed by the county treasurer certifying that taxes, assessments, penalties, • and interest levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed,” it has no jurisdiction to grant an exemption in the instant ease.
However, an examination of the Carney case shows that an entirely different question was before the court. That case involved the legality of special assessments rather than ordinary real property taxes.
A special assessment is not a tax as such. It is an assessment against real property based on the proposition that, due to a public improvement of some nature, such real property has received a benefit. Such an assessment is levied only against the property benefited by the improvement.
Real property taxes on the other hand have no relation to benefit but are levied at a uniform rate on all the real property in a tax district for the purpose of raising revenue for governmental operation.
To determine the jurisdiction of the Board of Tax Appeals to resolve questions relating to the validity of taxes, we must consider the statutes which confer the jurisdiction of the board.
Section 5703.02, Revised Code, reads in part as follows:
“The Board of Tax Appeals shall exercise the following powers and perform the following duties of the Department of Taxation:
* * *
“ (I) Exercise the authority provided by Section 5715.39 of the Revised Code relative to remitting taxes and penalties against real property found to have been illegally assessed or to have been assessed in consequence of the negligence or error of an officer required to perform a duty relating to the assess *84 ment of such property for taxation, or the levy or collection of such taxes * * V’
Section 5715.39, Bevised Code, reads in part as follows:
■ ‘The Board of Tax Appeals may remit taxes and penalties thereon found by it to have been illegally assesssed and penalties that have accrued because of the negligence or error of an officer required to perform a duty relating to the assessment of property for taxation or the levy or collection of taxes. ’ ’
Clearly under these sections the Board of Tax Appeals is not vested with jurisdiction to determine the validity of special assessments, as we held in the Carney case. It is, however, specifically vested with jurisdiction to determine the legality of taxes, on an application for remission of such taxes.
The board, in this case, must first determine the legality of the taxes assessed against this property, pursuant to the applications for remission filed under the provisions of Section 5715.39, Bevised Code, before it considers the application for exemption filed under the provisions of Section 5713.08, Bevised Code. In the event such taxes are determined to be illegal, then no taxes are due on such property, the treasurer may so certify, and the board may then consider the application for exemption.
The jurisdiction to determine the validity of taxes, on an application for remission, being vested by statute in the Board of Tax Appeals, it is clear that its refusal to do so in the present case rendered its decision unreasonable and unlawful.
Since the legality of the assessed taxes on this filled-in land is the basis of a determination of the rights of both the city and the state, the decision of the Board of Tax Appeals is reversed, and the cause is remanded to the board for further proceedings according to law.

Decision reversed and canse remanded.

WeygaNdt, C. J., Matthias, Hart, ZimmermaN, Stewart, Bell and Taft, JJ., concur.